**DOHRN TRANSFER CO. et al. v. UNITED STATES et al.**

**Civ. No. 50 C 140.**

United States District Court,
N. D. Illinois.

Nov. 21, 1950.

Before FINNEGAN, Circuit Judge, and IGOE and LA BUY, District Judges.

David Axelrod (of Axelrod, Goodman & Steiner), Chicago, Ill., for plaintiffs.

Howard McGrath, Atty. Gen. of the United States, William D. McFarlane, Asst. Atty. Gen., Department of Justice, and Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for the United States.

Daniel W. Knowlton, Chief Counsel, and E. M. Reidy, Associate Chief Counsel, Interstate Commerce Commission, Washington, D. C., for defendant, Interstate Commerce Commission.

Arthur A. Sullivan, Chicago, Ill., Thomas F. Chawke, Detroit, Mich., and Howell Ellis, Indianapolis, Ind., for Transamerican Freight Lines.

PER CURIAM.

The above entitled and numbered action having come on to be heard on October 13, 1950 before a duly constituted district court of three judges established pursuant to 28 U.S.C. §§ 2321–2325 and 2284, and all parties being represented by counsel, and the cause having been submitted upon final hearing, and the Court having taken the cause under advisement and considered the pleadings, the evidence, the argument and briefs of counsel, and the Court being fully advised in the premises now makes the following findings of fact and conclusions of law.

### Findings of Fact.

1. This is a suit brought by the above mentioned four corporations to enjoin and set aside the orders of the Interstate Commerce Commission, granted under Section 207 of the Interstate Commerce Act, 49 U.S.C.A. § 307, in the matter of Transamerican Freight Lines, Inc., Extension–Alternate Routes–No. MC–10761 (Sub–No. 21C), decided on July 19, 1949, and the order adopted on December 12, 1949, by which the Commission granted the application of Transamerican Freight Lines, Inc. to transport as a common carrier by motor vehicle general commodities, with certain exceptions, between certain points in Illinois and Indiana, over specified routes as alternate routes for operating convenience only, with no service at intermediate points, or at Auburn and Charlestown, Indiana, except for limited purposes.

2. On November 28, 1947 Transamerican filed application, as amended, for a

certificate of public convenience and necessity authorizing operation, in interstate and foreign commerce, as a common carrier by motor vehicle of general commodities, with certain exceptions, between the points as set out in the application, as alternate routes for operating convenience only and serving no points not now served by Transamerican.

3. The history and description of part of Transamerican's operations date back to January 1932 when it was incorporated in Michigan. It has rapidly extended its operations since that time so that it is now a motor common carrier of general commodities, with the usual exceptions, over regular routes extending from New York, N. Y., and Newark, N. J., on the east, to Kansas City, Mo., on the west, Milwaukee, Wis., and Detroit, Mich., on the north, and Louisville, Ky., and Cincinnati, Ohio, on the south. In addition to the above, it serves many large cities, including Toledo, Columbus and Cleveland, Ohio; Pittsburgh, Philadelphia, and Erie, Pa.; Ft. Wayne, South Bend, Huntington, and Indianapolis, Ind.; and Chicago, Peoria, Chenoa, Pekin, Springfield, and Decatur, Ill. Its principal east-west "northern" route traverses the northern part of Indiana and Illinois and joins other routes at Chicago. From Chicago certain of its routes extend southerly through Indianapolis to Louisville, and through Peoria to St. Louis. The present route between Ft. Wayne and Chicago is over U. S. Highways 30 and 41 through Plymouth, Ind. While Transamerican has two other predominantly east-west routes extending into St. Louis, one from Louisville traversing the extreme southern part of Illinois and Indiana, and the other over U.S. Highway 40 from Indianapolis, it does not possess any direct east-west routes which would join central Indiana points.

4. The purpose of the application filed herein on November 28, 1947 is to provide a direct overnight service between Peoria and Indianapolis and to accommodate the traffic which moves between New York, Newark, Philadelphia, Columbus, Louisville and other points on its system on the one hand, and on the other, Peoria, Pekin and other central Illinois points without being required to transport such traffic via St. Louis or Chicago.

5. Hearings were held before Joint Board 21 on May 24, 1948 in Indianapolis, Ind., at which plaintiffs, the applicant, and its witnesses appeared and testified. Applicant's testimony and that of its witnesses is reviewed at pages 5–11 of the Commission's report of July 19, 1949 and plaintiffs' testimony is reviewed at pages 11–13 of the report.

6. At the close of the hearings the joint board considered the application, in the light of the evidence, and on June 14, 1948, issued their report, recommending that the application be granted in its entirety. Plaintiffs filed no exceptions to the recommendations of the joint board as to proposed alternate routes 5a, 5b and 5c, and the Commission reviewed the record and found these alternate routes to which no exceptions were taken were supported by the evidence, except that applicant is not now and should not be authorized to serve either Auburn or Charlestown, Ind., termini of two of the routes. With this modification, the joint board's recommended findings were approved. Plaintiffs' exceptions to remainder of the report were replied to by Transamerican; and the Commission, after due consideration of the record, issued its report on July 17, 1949 as shown by Exhibit I attached to plaintiffs' complaint, affirming the decision of the joint board and finding that public convenience and necessity required the granting of the authority sought and that Transamerican was fit, willing, and able properly to perform the service authorized.

7. The Commission had before it substantial evidence in support of its findings; and this Court adopts as its own the statements and findings set forth in the Commission's said report.

### Conclusions of Law.

Upon the foregoing facts, the Court makes the following conclusions of law:

1. This Court has jurisdiction of this cause and of the parties thereto.

2. The Commission had jurisdiction over the proceedings wherein the said re-

port of July 17, 1949 and order of December 12, 1949 were made, and had jurisdiction to make said report and order.

3. The Commission was justified in finding in Docket No. MC–10761 (Sub. No. 21C) that public convenience and necessity required operation by Transamerican Freight Lines, Inc. as a common carrier by motor vehicle of general commodities, with certain exceptions, between certain points in Illinois and Indiana, over specified routes, as alternate routes for operating convenience only, with no service at intermediate points, or at Auburn and Charlestown, Indiana.

4. Said report and order were within the statutory authority of the Commission and were not arbitrarily or capriciously made or based upon mistake of law or misapplication of proper statutory standards. Said report and order were made by the Commission after full hearing, upon adequate findings supported by substantial evidence, and in accordance with the applicable law, and were valid and lawful in all respects.

5. The relief prayed for in the complaint is denied, and the complaint dismissed, plaintiffs to pay the costs.